# Wheeling.

## Samuel Smoot *vs.* William A. Cook.

### January Term, 1869.

1. In an action of trover when neither the plaintiff nor defendant have title to the property, it is competent for the defendant to show title in a third party under whom he does not claim, to defeat the plaintiff's action.

2. Possession of personal property is *prima facie* evidence of title, and, therefore, if the defendant, in an action of trover, had possession of personal property after the plaintiff had possession thereof, such possession is sufficient evidence of title to sustain his defense until the plaintiff should prove title.

The matter in controversy in this case sufficiently appears in the opinion of the president.

The case arose in Wyoming county, and the summons was brought to June rules, 1866.

*Sperry* for the defendant in error.

Brown, President. The only question requiring determination in this case is whether in an action of trover where neither the plaintiff nor defendant have title to the property, it is competent for the defendant to show title in a third party under whom he does not claim. Several cases show that the defendant may show such outstanding title to defeat the plaintiff's action, where the defendant claims under the third person, and of the correctness of that there could not it would seem be any question; and no good reason is perceived why the same rule should not apply where the defendant did not claim under such third party; for he has the possession of the property and that raises a presumption in favor of his ownership and ought not to be disturbed by one having no title. *Potier est conditio defendentis.*

I think, therefore, that the court erred in giving the instructions asked by the plaintiff, and also in refusing the first instruction asked by the defendant which was to the effect that, possession of personal property was *prima facie* evidence of title, and, therefore, if the defendant had possession of the horse mentioned after the plaintiff had possession thereof such possession was sufficient evidence of title to sustain the defence until the plaintiff should prove title.

I think there was no error in the refusal of the court to give the second instruction asked by the defendant, because it in effect declared that the use of a citizen's horse by a rebel soldier in the late war against the United States, authorized a Union soldier, at any time during the war, to take said horse wherever he could find him, and if so taken the title of the citizen was thereby divested.

This is an effort to set up title under the much controverted doctrine of belligerent rights of rebels. But it is not deemed necessary to consider in this case that vexed question, because whether the doctrine be as contended for on the one side or the other, it can not upon the broadest construction be made to embrace the broad doctrine of this instruction.

On the whole I think the case should be reversed, with costs, and the cause remanded to the circuit court below, for further proceedings to be had therein, with instructions to set aside the verdict and grant the defendant a new trial on payment of the costs, if asked by him.

The other judges concurred.

JUDGMENT REVERSED.